JUDGE GUFFY
delivered the opinion of ote court.
It appears from tbe record in this case that the appellant and appellee, F. S. Allen and George Gill, were the joint owners of two certain tracts of land in Bath county, Ky., upon which was situated the Olympian Springs, and that the appellant had mortgaged to appellee, Allen, her undivided one-third interest in said property to indemnify him as surety on certain obligations executed by her and her husband; and that he (appellee) had paid off and discharged the same, and instituted this action against the said appellant and her husband, showing that she was *116 the owner of said undivided one-third interest, and also showing the execution of the mortgage, and also averred that he had paid off the same, and that the amount was. due and owing to him. The fourth paragraph of the petition reads as follows: “The plaintiff says that he owns one-third of said tract of land and the defendant George Gill owns the remaining one-third; that said property is a summer resort, and valuable mineral waters are the sources of its principal value, and said land can not be divided without materially impairing its value. Wherefore, plaintiff asks that he be adjudged a lien upon said tracts of land as surety for the payment of the sums aforesaid; that all thereof be sold, one-third of the proceeds be adjudged to plaintiff, one-third to defendant George Gill, and a sufficiency of the remainder for the purpose be applied to the payment of the claim of plaintiff and the costs of this action, and the remainder, if anything, be adjudged to defendant Mrs. Blanche Miller; and plaintiff asks for all other relief to which he may appear to be entitled.” It further appears that the defendants to the action were summoned, the appellant being in Montgomery county; and no answer was filed by any of the defendants. It further appears that at the October term, 1894, of the Bath Circuit Court a judgment was rendered adjudging that plaintiff had a lien upon the undivided one-third interest of appellant in said property for the payment of the debts alleged in the petition, and adjudged a sale of a sufficiency of her undivided one-tliird interest to pay the said debt; and afterwards same was sold, and purchased by the appellee, sale confirmed, and deed made to him, and a writ of liabere facias awarded to plaintiff; and to reverse these judgments this appeal is. prosecuted.
*117 It is suggested by appellant that the appraisers appraised the whole tract of land, instead of her interest; but we are inclined to the opinion that the appraisement, when fairly considered, is an appraisement of her one-third interest. But, if this be not so, we are unable to see that she would be prejudiced by the appraisement of the entire tract. It is, however, earnestly insisted that the court was not authorized, under the pleadings, to render the judgment complained of. It is insisted by appellant that she resided in a different county, and that she was willing for the entire property to be sold, believing that it was to her interest to have it sold, and for that reason made no defense or objection. And' her further contention is that the court, under the pleadings, was not authorized to render the judgment appealed from. It will be seen from the averments in’ the petition that it was a petition for the sale of the entire Olympian Springs property, and it was alleged that the principal value of the property was the existence of certain springs, and that the property could not be divided without materially damaging the value thereof; and the petition also shows that the plaintiff, the appellant, and Gill were the sole owners; and the petition asked for a sale of the entire property, one-third to be paid to plaintiff, one-third to Gill, and a sufficiency of the remainder for the purpose be applied to plaintiff’s debt, and, if any left, that the residue be paid to the appellant. Her one-third interest in the property sold for but a little over $2,000. The deed filed by plaintiff as an exhibit shows that the property was sold to the then owners at the price of $10,505. It may be that, if the appellee had asked for a sale of the undivided one-third interest of appellant, or with .notice to her had obtained a judgment for a sale thereof, she *118 would have made some arrangement to have paid the debt, rather than have had her interest sold at, as she claims, a sacrifice. The appellee was entitled, under the law, if the averments of his petition were true, to have the entire property sold, and his petition was clearly a petition for that purpose; and, inasmuch as the allegations thereof were admitted to be true by a failure of the parties to answer, the only relief or judgment to which he was entitled was the relief and judgment prayed for, namely, a sale of the entire property, and an apportionment of the proceeds as indicated in the petition. Section 90 of the Code of Practice reads as follows: “The petition must state facts which constitute a cause of action in favor of the plaintiff, and must demand the specific relief to which the plaintiff considers himself entitled, and may contain a general prayer for any other relief to which the plaintiff may appear to be entitled. If no defense be made, the plaintiff can not have judgment for any relief not specifically demanded, but if defense be made he may have judgment for other relief under a prayer therefor.” It seems clear to us that the plaintiff was entitled to no relief except that which was specifically demanded in the petition. It results, therefore, that the court was not authorized to render the judgments appealed from, and the same are reversed, and cause remanded, with directions to set aside the judgments of sale, confirmation and deed, and for further proceedings consistent herewith.